UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

VINCENT HALLMAN,            :
     Plaintiff           :
                         :
     v.                  : CIVIL NO. 1:10-CV-2531
                         :
ROBERT STITT, *et al.*,     :
     Defendants          :

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

     We are considering Plaintiff's objections to the Report and Recommendation ("R&R") of Magistrate Judge Mannion, which recommends that we grant in part and deny in part Defendants' motion to dismiss.  Plaintiff, a former inmate at the State Correctional Institution at Huntingdon, ("SCI-Huntingdon"), brings the present civil rights claim pursuant to 42 U.S.C. § 1983.

     Plaintiff objects to the recommended dismissal of Defendants Morrison and Mitchell.  The magistrate judge found that Plaintiff failed to present anything more than conclusory statements in support of his allegations of conspiracy against these Defendants.  Conclusory and vague allegations will not support a conspiracy claim. Rose v. Bartle, 871 F.2d 366 (3d Cir. 1989).  Plaintiff asserts that he has video footage which would demonstrate how these Defendants "concurred, agreed, plotted, planned and conspired together."  (Doc. 39).  However, in a motion to dismiss, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record,

as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichik, 605 F.3d 223, 230 (3d Cir. 2010).  We agree with the magistrate judge's finding that the complaint contains only conclusory allegations, which do not support a conspiracy claim.

Additionally, Plaintiff objects to the magistrate judge's recommendation to dismiss his request for declaratory and injunctive relief as moot due to his transfer from SCI-Huntingdon to SCI-Frackville.  Plaintiff argues that his request is not moot, because he "continues to be targeted, retaliated against by Huntingdon officials, through the institution of Smithfield." (Doc. 38, at 1).  He alleges that while he was housed at SCI-Smithfield for court appearances, SCI-Huntingdon officials made "appearances" at the prison and instructed officers at Smithfield to destroy his property.  These facts are not alleged in Plaintiff's complaint.  Plaintiff's complaint "may not be amended by the briefs in opposition to a motion to dismiss."  Commonwealth of Pa. Ex rel Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) (citing Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)).  Since Plaintiff has been transferred from SCI-Huntingdon and his complaint fails to allege that it is likely that he will return there in the foreseeable future, his request for declaratory and injunctive relief is dismissed as moot. See Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981).

Plaintiff does not object to the recommended dismissal of Defendants Stitt, Beard, Lawler, Wakefield, Smear, Barnacle, and Williams.  Thus, we will adopt the magistrate judge's recommendation that these Defendants be dismissed.

AND NOW, this 24th day of April, 2012, upon consideration of the report and recommendation of the magistrate judge (Doc. 36), filed February 13, 2012, and Plaintiff's objections, it is ordered that:

1. The magistrate judge's report (Doc. 36) is adopted.

2. Plaintiff's objections (Docs. 38, 39) are OVERRULED.

3. Defendants' motion to dismiss (Doc. 17) is GRANTED in part and DENIED in part.

4. Defendants' motion to dismiss all claims against Stitt, Beard, Lawler, Wakefield, Smear, Barnacle, Williams, Morrison, and Mitchell is GRANTED.

5. Defendant Cates' motion to dismiss Plaintiff's Eighth Amendment claim is DENIED.

6. Plaintiff's request for declaratory and injunctive relief is dismissed as moot.

7. This case is remanded to the magistrate judge for further proceedings.

       /s/ William W. Caldwell
      William W. Caldwell
      United States District Judge