UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

VINCENT WESLEY HALLMAN,  :
    Plaintiff : 
: 
vs. : CIVIL NO. 1:10-CV-2531
:
:
ROBERT STITT, *et al.*, :
    Defendants :
:

*M E M O R A N D U M*

*I.*    *Introduction*

We are considering Defendants' objections to the Report and Recommendation of Magistrate Judge Carlson. Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983. (Doc. 8). He alleges that Defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment. (Id.). On June 13, 2014, Defendant Stitt and Defendant Cate filed a motion for summary judgment. (Doc. 122). Magistrate Judge Carlson recommended that the motion for summary judgment be denied. (Doc. 130). Because Defendants filed objections (Doc. 131), we must "make a *de novo* determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). For the following reasons, we agree with the findings of the magistrate judge and will adopt the report in its entirety.

*II.        Background*

Because the magistrate judge's report and recommendation provides a detailed recitation of the facts and procedural history, we need not repeat them here.

*III.       Discussion*

*A. Defendant Stitt's Motion for Summary Judgment*

Defendant Stitt objects to Magistrate Judge Carlson's determination that there is a genuine issue of material fact precluding summary judgment. To establish an Eighth Amendment claim for excessive use of force, a complainant must establish that the force used was not applied in a good-faith effort to maintain or restore discipline, but that it was maliciously and sadistically used to cause harm.[1]  Hudson v. McMillian, 503 U.S. 1, 7 (1992).  Defendant Stitt argues that the forced was used in response to aggression initiated by Plaintiff.  He further argues that Plaintiff's minor injuries and medical records show that the force used was de minimis and that he was acting in good faith.  Last, Defendant Stitt asserts that Plaintiff fails to point to record evidence to contradict these factual contentions, entitling him to summary judgment.  We disagree.

For summary judgment purposes, a verified complaint is treated as an affidavit if it satisfies the standards for affidavits set out in Federal Rule of Civil Procedure 56. Solan v. Rank, 1:CV-06-0049, 2007 WL 141918, at *1 (M.D. Pa. Jan. 18, 2007) (Caldwell, J.).  "An affidavit or declaration used to support or oppose a motion must be

---

1. Factors relevant to such a determination include: (1) the need for the application of force; (2) the relationship between the need and amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates; and (5) any efforts made to temper the severity of a forceful response. Whitley v. Albers, 475 U.S. 312, 321 (1986).

made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Here, Plaintiff's complaint is verified.[2] The statements contained in the complaint are factually specific, based on Plaintiff's firsthand knowledge, and show that Plaintiff is competent to testify at trial. Consequently, we treat Plaintiff's verified complaint as an affidavit.

Viewing the facts in the light most favorable to Plaintiff, we agree with Magistrate Judge Carlson that genuine issues of material fact exist. Plaintiff points to ample record evidence to contradict Defendants' statement of facts.[3] For example, Plaintiff's verified complaint asserts the following: Defendant Stitt initiated the physical confrontation; Plaintiff's injuries were serious and caused by Defendant Stitt's excessive use of force; and that Defendant Stitt acted with intent to cause Plaintiff pain. (Doc. 8 at 4-6). The resolution of these factual disputes is the province of a finder of fact. Accordingly, we will deny the motion for summary judgment on this ground.

*B. Qualified Immunity*

Next, Defendant Stitt and Defendant Cate object to Magistrate Judge Carlson's determination that they are not entitled to qualified immunity. An official is not

---

2. On page twenty-one of Plaintiff's amended complaint (Doc. 8), under the heading "Verification," Plaintiff states, "I have read the foregoing complaint and hereby verify that the matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct."

3. Plaintiff does cite to the verified complaint in his counter-statement of facts. Therefore, he does point to specific record evidence as required by Fed. R. Civ. P. 56 (c)(1)(A).

entitled to qualified immunity if (1) the official's conduct violated a constitutional or federal right and (2) the right at issue was clearly established. Saucier v. Katz, 533 U.S. 194, 201-02 (2001). Defendants argue that the undisputed facts establish that their conduct did not violate a clearly established constitutional or federal right. (Doc. 131 at 14).  We have found, however, that genuine issues of material fact exist.[4]  To determine whether the acts of Defendant Stitt and Defendant Cate were constitutional requires a resolution of those factual disputes.  We, therefore, will deny Defendants' motion for summary judgment on qualified immunity grounds and defer this determination until a trier of fact determines the disputed facts.

*IV.*        *Conclusion*

For the reasons stated above, we will adopt the magistrate judge's report in its entirety, and the Defendants' objections will be overruled. We will issue an appropriate order.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

---

4. We have previously found that a genuine issue of material fact exists with respect to Plaintiff's claim against Defendant Cate.  (Doc. 88 at 2).