UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

VINCENT WESLEY HALLMAN,           :
      Plaintiff           :
                          :
      v.                  :  CIVIL NO. 1:10-CV-2531
                          :
ROBERT STITT, *et al.*            :
      Defendants          :

*M E M O R A N D U M*

I.      *Background*

      We are considering a motion to review the clerk of court's taxation of costs. (Doc. 182).  Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants subjected him to cruel and unusual punishment.  (Doc. 8).  Following a two-day trial, a jury returned a verdict in favor of Defendants.  (Doc. 162; Doc. 166).  In accordance with Local Rule 54.3, Defendants filed a bill of costs in the amount of $1,560.47.  (Doc. 168).  On December 29, 2015, following Plaintiff's direct appeal, the clerk taxed the costs to Plaintiff.  (Doc. 180; Doc. 181).  Plaintiff has filed a motion asking us to review the clerk's order.  (Doc. 182).  He states that since all of his correspondence with the court was directed to magistrate and district judges, he does not understand why he was taxed by the clerk.  (Id.).  Moreover, he argues that the costs should not be taxed to him because: (1) his claim was not brought in bad faith and actually had merit; (2) he

does not have the money to pay the costs; and (3) the taxation of costs is punitive.  (Id.).

Therefore, Plaintiff asks us to overrule the clerk's order.

II.        Discussion

Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal

statute, these rules, or a court order provides otherwise, costs . . . should be allowed to

the prevailing party."  FED. R. CIV. P. 54(d)(1).[1]  This creates a "strong presumption that

costs are to be awarded to the prevailing party."  In re Paoli R.R. Yard PCB Litig., 221

F.3d 449, 457 (3d Cir. 2000).  In accordance with that presumption, our local rules instruct

that if the prevailing party files a bill of recoverable costs within thirty days of judgment, the

clerk "shall" tax those costs to the losing party.  See M.D. Pa. L.R. 54.3.  The losing party

then has seven days to appeal.  Id.

On appeal, to overcome the presumption that costs are to be awarded, "the

losing party bears the burden of making the showing that an award is inequitable under

the circumstances."  In re Paoli, 221 F.3d at 462.  The court is permitted to consider two

factors when deciding whether equity justifies a reduction or denial of the costs: "(1) the

prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with

process during the course of the instant litigation or the costs award proceedings; and (2) .

. . the losing parties' potential indigency or inability to pay the full measure of a costs

award levied against them."[2]  Id. at 468.  "Only if the losing party can introduce evidence,

---

1.  "The 'costs' capable of recoupment under Rule 54(d)(1) are listed in 28 U.S.C. § 1920."  In re Paoli R.R. Yard PCB Litigation, 221 F.3d 449, 457 (3d Cir. 2000).  Relevant here, § 1920 permits the prevailing party to recover fees for any part of the stenographic transcript necessarily obtained for use in the case, which includes deposition transcripts, and it permits the recovery of fees for witnesses.  28 U.S.C. § 1920(2)-(3); M.D. Pa. L.R. 54.4.

2.  A court may not, however, consider the following:

and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party."  Id.

Here, the only relevant factor Plaintiff raises is indigency.  His evidence consists of a single statement wherein he claims he is incapable of paying the costs. (Doc. 182).  This is insufficient to overcome the strong presumption in favor of awarding costs.  Even if we recognize that Plaintiff proceeded *pro se* at the district court level and was granted *in forma pauperis* status on his direct appeal, we find that $1,560.47 is not an amount that is so great that an indigent plaintiff, in the name of equity, should be relieved of paying it.  Id. ("[I]f a losing party is indigent or unable to pay the full measure of costs, a district court *may*, but need not *automatically*, exempt the losing party from paying costs.").  Accordingly, we will deny Plaintiff's motion to overrule the clerk's taxation of costs.  We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

---

(1) the losing parties' good faith in pursuing the instant litigation (although a finding of bad faith on their part would be a reason not to reduce costs); (2) the complexity or closeness of the issues – in and of themselves – in the underlying litigation; or (3) the relative disparities in wealth between the parties.

In re Paoli, 221 F.3d at 468.